UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
24-CR-118(JRT/LIB)

| | |
|---|---|
| United States of America,  )<br>  )<br>       Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Jennifer Marie Stately,  )<br>  )<br>       Defendant.  ) | **DEFENDANT'S MOTION TO EXCLUDE EVIDENCE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The defendant, Jennifer Marie Stately, through and by her attorney, Paul Engh, and in accordance with Rule 403, Fed.R.Evid., moves to exclude three pieces of evidence, as raising an adverse inference without a predicate fact. Specifically, we move for an Order:

1. Barring the medical examiner, Dr. Asch-Kendrick, from testifying that the alleged items described in her 302 report, dated February 5, 2026, as "small shoelace/rope type objects found on the scene," could have been used to bind the children before their deaths.   In the same report, Dr. Asch-Kendrick concedes that she "is unable to say that these were used as bindings in this case."   She makes the same observations with respect to a piece of "duct tape".

Moreover, Dr. Asch-Kendrick indicates that there was bruise on top of R.S.'s hand that "could be indicative of a pressure injury which can be seen in binding cases."

1

The Government has offered a plastic bag containing "small ties and ropes," and "duct tape." Government's Exhibits 14 and 15, along with corresponding photographs, e.g., Exh. 4-53.

The Government seeks to raise the inference that Ms. Stately bound one or both of her children before their deaths, but there is no medical proof that she did so. Hence the "ties and ropes" and "duct tape" merely raise an adverse inference based upon speculation as opposed to fact.

2.   The Government seeks to raise another improper inference. Our claim arises from a recently disclosed interview of T.S.'s kickstart teacher in Red Lake, Lenette Sumner. We likewise move for an Order barring her testimony.

In her 302, Ms. Sumner suggests that, on March 12, 2024, when T.S. arrived home, he "grabbed onto his backpack and did not want to move. [T.S.] looked out of the window of the bus and saw his mom JENNIFER STATELY (STATELY) standing in the doorway." T.S. said to Sumner, "No, not Mom" without further explanation. Ms. Sumner adds that Jennifer Stately was "peeking out of the doorway but she did not come out of the home." And when about to get "off the bus," T.S. "looked scared."

The Government seeks to raise an inference that the reason for T.S.'s reluctance had to have been caused by previous abuse. But the child did not articulate that. We're left instead with the witness's subjective discernment of the child's emotional state and the reason for it. For which there is, yet again, no

2

proof. The incident is best left unsaid, for reasons for confusion and prejudice. Rule 403, Fed.R.Evid. We add that the 302 of T.S.'s pre-kindergarten teacher, Ellen Lussier, records that she "did not have any suspicions that [he] was being abused or neglected at home."

3. Finally, the Government has disclosed, in a 302 dated February 6, 2026, the Friday before the start of this trial, that Ms. Stately had a positive screening test for HPV, a STD that "carries of higher risk of cervical cancer." There is uncertainty as to when Ms. Stately received "this news." We object to the reference to STD, but not the risk of cancer.

Dated: February 16, 2026            Respectfully submitted,

/s/ Paul Engh
PAUL ENGH
Suite 260
2860 South Fifth Street
Minneapolis, MN 55402
(612) 252-1100

Attorney for Ms. Stately

3