UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-118 (JRT/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENNIFER MARIE STATELY,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Rachel L. Kraker and Garrett S. Fields, Assistant United States Attorneys, respectfully submits the following response to Defendant's Motion to Exclude Evidence at Trial (ECF No. 114).

Defendant's motion directly impacts the testimony of witnesses who will testify on February 17, 2026. Defendant seeks to exclude the evidence referenced below under FRE 403 arguing that the relevance of each subject addressed below is *substantially* outweighed by the danger of unfair prejudice. The government opposes Defendant's motion and addresses each of her arguments in turn:

1. Defendant seeks to preclude the Medical Examiner from opining as to whether Minor A's injuries could be consistent with being restrained. This limited testimony is within the Medical Examiner's expertise and will assist

1

the jury in making reasonable inferences about the evidence found at the scene of the murders: namely, a bag, concealed in the bedroom where the minor victims were located containing small ties and bloody tissues (Trial Exhibit 14), and numerous wads of duct tape located at the scene, including one that tested positive for the presence of blood and Minor A's DNA (Trial Exhibit 15). Minor A suffered countless injuries on nearly every plane of his body, including patterned injuries on his back consistent with repetitive inflicted trauma. Dr. Asch-Kendrick will testify that in her training and experience, she is aware that people, including children, can be restrained for the purposes of inflicting such injuries. Dr. Asch-Kendrick will testify that restraint and body position can result in pressure injuries and that the injury to the top of Minor A's hand is consistent with a pressure injury. Dr. Asch-Kendrick will not testify that the child was bound with the tape or the ties found at the scene because the child did not present at autopsy with these items still present on his body. However, her testimony is certainly appropriate to help jurors make their own reasonable inferences about the injuries inflicted and the evidence at the scene. Medical examiners are routinely asked whether injuries present on a decedent's body could be consistent with certain scenarios – this is particularly true where the charge involves murder in the course of child abuse. Precluding the medical examiner's limited testimony on this issue defies the intent of FRE 702 which empowers experts to employ their expertise

for the purposes of helping the jurors understand the evidence or resolve a fact at issue. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.

    2. Three days before he was murdered, Minor B refused to get off the school bus at his house, fearfully stating, "No, not Mom," to his bus driver (who also served as his pre-K teacher). The driver calmed Minor B and encouraged him to get off the bus but was bothered enough by the statement that she relayed it to her fellow pre-K teacher. This statement is admissible pursuant to FRE 803(3) and *Ohio v. Clark*, 576 U.S. 237 (2015) (finding that the statements of very young children rarely trigger the Confrontation Clause and upholding the admission of statements made to a teacher by a child abuse victim implicating the child's abuser). This statement is relevant and admissible and its probative value is not substantially outweighed by the danger of unfair prejudice.

    3. Defendant seeks to preclude her primary care provider from testifying that she received an HPV diagnosis and discussed this diagnosis with her primary care provider one week prior to the murders. Defendant specifically asks that HPV not be identified as an STD. Defendant contracted HPV through sexual activity. This fact is medically relevant and the timing of Defendant's stress related to this diagnosis is factually relevant to the crimes charged and to Defendant's mental state – which she has affirmatively placed

at issue. Defendant's care provider can testify as to the timing of the diagnosis and discussion related to necessary next steps to address the diagnosis. This probative value of this testimony is not outweighed by the danger of unfair prejudice.

The government requests the opportunity to supplement this response with additional argument prior to resuming trial on February 17, 2026. The government will ask this Court to deny Defendant's motion in its entirety.

Dated: February 16, 2026              Respectfully Submitted,

                                      DANIEL N. ROSEN
                                      United States Attorney

                                      *s/ Rachel L. Kraker*
                                  BY: RACHEL L. KRAKER
                                      GARRETT S. FIELDS
                                      Assistant United States Attorneys